# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-cv-34-RJC-DSC

| | |
|---|---|
| MARCUS SMITH, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| LOWES COMPANIES INC., et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the *pro se* Amended Complaint, (Doc. No. 4). The Plaintiff is proceeding *in forma pauperis*. (Doc. No. 3).

## I. BACKGROUND

On January 22, 2021, *pro se* Plaintiff filed his Complaint alleging employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.* The Complaint was dismissed on initial review for failure to state a claim upon which relief can be granted and the Plaintiff was given the opportunity to amend. (Doc. No. 3). The Amended Complaint is now before the Court for initial review.

The Plaintiff names as the Defendant his former employer, Lowes Companies Inc. He attempts to state claims under Title VII and the ADA for failure to promote, failure to accommodate a disability, unequal terms and conditions of employment, and retaliation. He alleges that the discrimination occurred based on gender/sex and disability. He contends that the discriminatory acts occurred between May 20, 2019 and April 20, 220 and are ongoing. He alleges:

1

> I began employment with the above employer in December 2018 and transferred to the above location in March 2019. Throughout my employment, I have been subjected to harassment and difference in treatment based on my sexual orientation and medical condition. I have been called derogatory terms … by my coworkers and direct reports. My coworkers made fun of my medical condition. Upper Managers spread it my medical condition without my consent. I was also threatened by Assistant Store Manager to do physically harm to me and attempt to intimidate me. I have complained about this harassment on multiple occasions to the district manager and I never received a follow up to address my complaints. I submitted multiple complaints to HR regarding the harassment and difference in treatment, however, no remedial action was taken and the treatment continued. Although I was eligible for promotions, I was denied promotions due to my sexual orientation and race or medical condition. I was given unjustified disciplinary actions by my supervisors in order to prevent me from being promoted or transferred to a different store per my request to transfer in order to escape the harassment. I ultimately had no choice but to submit my resignation on April 22, 2020.

(Doc. No. 4 at 5).

The Plaintiff alleges that the foregoing resulted in humiliation and emotional distress which caused him to suffer a mild stroke. (Doc. No. 4 at 6).

The Plaintiff alleges that he submitted charges with the Equal Employment Opportunity Commission ("EEOC") on April 20, 2020 and October 29, 2020, and that he received a Notice of Right to Sue letter on November 20, 2020.[1] See (Doc. No. 1 at 8) (Notice of Right to Sue Letter dated November 16, 2020).

As relief, the Plaintiff seeks injunctive relief, "full front pay," "full back pay," compensatory and punitive damages, litigation expenses, a jury trial, and all other relief the Court deems just and proper.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to

---

[1] The EEOC denied the Plaintiff's Charge of Discrimination because it was not timely filed with the EEOC. (Doc. No. 1 at 8).

determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action;" it must state a plausible claim for relief. Twombly, 550 U.S. at 555. A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

**(1) ADA**

The ADA prohibits employers from discriminating based on the known physical or mental impairments of a "qualified individual with a disability." 42 U.S.C. § 12101 *et seq.* Such unlawful discrimination can include the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or

3

employee...." Id. § 12112(b)(5)(A); Wilson v. Dollar Gen. Corp., 717 F.3d 337, 344 (4th Cir. 2013). To state an ADA discrimination claim, a plaintiff must show that he (1) was a qualified individual; (2) was discharged; (3) was fulfilling the legitimate expectation of the employer; and (4) the circumstances of the discharge raise a reasonable inference of unlawful discrimination. Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 150 (4th Cir. 2012).

The ADA claim in the Complaint failed to pass initial review and the claim set forth in the Amended Complaint fails for the same reasons. The Plaintiff conclusively alleges that he was discriminated against based on a "medical condition," (Doc. No. 4 at 5), and the Amended Complaint alludes to stress and a "mild stroke." (Doc. No. 4 at 6). However, the Plaintiff has failed to demonstrate that either of these conditions is a physical or mental condition that qualifies as a disability under the ADA. Moreover, the Plaintiff appears to allege that these conditions resulted from the Defendants' allegedly discriminatory actions, rather than constituting the disabilities upon which the alleged discrimination was based. Nor has the Plaintiff alleged that he was discharged despite fulfilling his employer's legitimate expectations, or explained how the employer failed to reasonably accommodate his disability. The Plaintiff's ADA claim will therefore be dismissed for failure to state a claim upon which relief can be granted.

**(2)** **Title VII**

Title VII prohibits "an employer . . . [from] discriminat[ing] against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1).

The Plaintiff alleges that he received disparate treatment based on his sexual orientation,

4

disability, and race.[2] He asserts that harassment, the denial of promotions or transfers, and unjustified disciplinary actions eventually led him to resign on April 22, 2020. To establish a case of disparate treatment, a plaintiff must show: (1) membership in a protected class; (2) satisfactory work performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. Perkins v. Int'l Paper Co., 936 F.3d 196, 207 (4th Cir. 2019) (citing Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010)).

The Plaintiff satisfies the first prong by alleging that the discrimination was based on his sexual orientation, disability, and race. The Plaintiff fails to satisfy the second prong because he does not allege that he had satisfactory work performance. As to the third prong, the Plaintiff alleges that he was harassed and given unjustified disciplinary actions to prevent him from being promoted or transferred. As to the fourth prong, the Plaintiff appears to allege that he was treated differently from other situated employees outside of the protected class in that he was harassed, called derogatory names, assaulted by a manager, denied promotions, and denied transfers which led him to resign. Because the Plaintiff has failed to make any factual allegations of satisfactory work performance, he has failed to state a plausible discrimination claim. Accordingly, this claim will be dismissed without prejudice.

The Plaintiff also alleges that he was retaliated against. To state a Title VII retaliation claim, a plaintiff must show: (1) participation in a protected activity; (2) subjection to an adverse job action; and (3) a causal connection between the activity and the adverse action. Matavia v. Bald Head Island Mgmt., Inc., 259 F.3d 261, 271 (4th Cir. 2001).

The Plaintiff conclusively alleges that he was retaliated against. The Court will assume

---

[2] The Plaintiff refers to himself as "Black" in the Complaint, (Doc. No. 1 at 5, 6), and the Charge of Discrimination that he filed with the EEOC alleges discrimination based on race, (Doc. No. 1 at 9).

5

*arguendo* that his complaints to management are the protected activity upon which the retaliation was allegedly based. He appears to assert that the adverse job actions were the denial of promotions and transfers, and unjustified disciplinary actions. However, the Plaintiff has failed to allege any facts from which the Court can glean a causal connection between his protected activity and the retaliatory act. The retaliation claim will, therefore, be dismissed for failure to state a claim upon which relief can be granted.

In sum, the Complaint fails to state a claim upon which relief can be granted and this case will be closed.

### IV. CONCLUSION

The Amended Complaint is dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 4), is **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to § 1915(e)(2)(B)(ii).

2. The Clerk is instructed to close this case.

Signed: April 19, 2021

Robert J. Conrad, Jr.
United States District Judge