UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-34-RJC-DSC

| | |
|---|---|
| MARCUS SMITH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LOWES COMPANIES INC., et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on remand from the Fourth Circuit. Also pending is the Plaintiff's *pro se* Second Amended Complaint. [Doc. 12]. The Plaintiff is proceeding *in forma pauperis.* [Doc. 3].

## I. BACKGROUND

On January 22, 2021, the *pro se* Plaintiff filed his Complaint alleging employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq*. The Complaint was dismissed on initial review for failure to state a claim upon which relief can be granted and the Plaintiff was given the opportunity to amend. [Doc. 3]. The Amended Complaint was also dismissed for failure to state a claim upon which relief can be granted, and the Plaintiff appealed. [Doc. 5]. The Fourth Circuit Court of Appeals dismissed the Plaintiff's appeal and remanded for the Court to specifically address the Plaintiff's claim for failure to promote. Smith v. Lowe's Companies, Inc., 2022 WL 2901717 (July 22, 2022). After the Fourth Circuit issued its mandate [Doc. 11], the Plaintiff filed the Second Amended Complaint. [Doc. 12].

## II. STANDARD OF REVIEW

1

Where a plaintiff is proceeding *in forma pauperis*, the Court must review a complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action;" it must state a plausible claim for relief. Twombly, 550 U.S. at 555. A pro se complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

**(1) Amended Complaint**

The Fourth Circuit remanded this case for the Court to address the Amended Complaint's

claim for failure to promote on initial review.[1]

A claim for discriminatory failure to promote under Title VII and the ADA requires a plaintiff to prove that: (1) he is a member of a protected group; (2) he applied for the position at issue; (3) he was qualified for the position; and (4) the delay occurred under circumstances giving rise to an inference of unlawful discrimination. See Lyons v. City of Alexandria, 35 F.4th 285, 289 (4th Cir. 2022) (citing Brown v. McLean, 159 F.3d 898, 902 (4th Cir. 1998)) (Title VII); see also Heiko v. Colombo Savings Bank, FSB, 434 F.3d 249, 259 (4th Cir. 2006) (under the ADA, a plaintiff alleging a failure to promote can prove pretext by showing he was better qualified, or by amassing circumstantial evidence that otherwise undermines the credibility of the employer's stated reasons).

The Plaintiff claims in his Amended Complaint [Doc. 4] that, "[a]lthough [he] was eligible for promotions, [he] was denied promotions due to [his] sexual orientation and race[2] or medical condition [and he] was given unjustified disciplinary actions by [his] supervisors in order to prevent [him] from being promoted or transferred to a different store per [his] request to transfer in order to escape the harassment." [Doc. 4 at 5]. The Plaintiff's vague and conclusory allegations fail to plausibly claim that there was a specific position for which he applied, and for which he was qualified, or that his application was rejected under any circumstances giving rise to an inference of discrimination. Accordingly, the Amended Complaint fails to state a claim for discriminatory failure to promote and it is dismissed on initial review.

**(2)    Second Amended Complaint**

---

[1] Although the Plaintiff has now filed a superseding Second Amended Complaint, the Court will nevertheless review the Amended Complaint's failure to promote claim for frivolity pursuant to the Fourth Circuit's mandate.

[2] The Plaintiff refers to himself as "Black" in the Complaint [Doc. 1 at 5-6] and, in the Charge of Discrimination he filed with the EEOC alleges discrimination based on race [id. at 9].

3

Also pending is the Plaintiff's Second Amended Complaint that he filed after the Fourth Circuit issued its mandate. [Doc. 12].

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)); see In re Triangle Capital Corp. Securities Lit., 988 F.3d 743, 750 (4th Cir. 2021) ("district courts are free to deny leave to amend as futile if the compliant fails to withstand Rule 12(b)(6) scrutiny"). Rule 15(a)'s liberal standard is even more broadly construed for *pro se* litigants. Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978) (pro se civil rights litigants should be permitted to amend their complaints even if their motion for leave to amend does not state how the amendment cures the deficiencies in an earlier pleading). Delay alone is an insufficient reason to deny a Rule 15(a) motion for leave to amend. Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999); Johnson, 785 F.2d at 509.

The liberal policy of amendment contained at Rule 15(a) also applies to cases on remand. See Johnson, 785 F.2d at 503; Rambus, Inc. v. Infineon Tech., AG, 304 F.Supp.2d 812, 819 (E.D. Va. 2004). After a cause has been remanded to a district court, whether to allow amendment lies within the court's discretion unless the appellate court has specifically addressed whether amendment should be allowed, or is precluded. See Charleston Area Med. Ctr., Inc. v. Parke-

4

Davis, No. 5:00-cv-132, 2006 WL 279079, at *2 (N.D.W. Va. Feb. 2, 2006) (quoting R.E.B., Inc. v. Ralston Purina Co., 525 F.2d 748, 751, n. 1 (10th Cir. 1975))(emphasis added).

Here, the Fourth Circuit was silent with regards to further amendment. Although the *pro se* Plaintiff did not seek leave to amend pursuant to Rule 15(a), the Court will nevertheless grant him leave to amend and will review the Second Amended Complaint for frivolity. See generally Laber, 438 F.3d at 426-27 (expressing disinclination to decide the case based on a technicality); see, e.g., Am. Angus Ass'n v. Sysco Corp., 865 F. Supp. 1174, 1175 (W.D.N.C. 1993) (granting defendants leave to amend their answer and counterclaims without having moved for leave pursuant to Rule 15 because justice required the amendment). The Court will, therefore, review the Second Amended Complaint for frivolity.[3]

The Plaintiff names as Defendants: Lowe's Companies; Todd Zachary, the district manager; Tyrone Hibbler, the store manager; Roxanne Tobletes, the head cashier; Mack Wiggins, for whom he does not provide a job title; Arie Brooker, the assistant store manager; and Beth LNU, the store scheduler. He asserts claims under Title VII and the ADA for discrimination based on race, sexual orientation, and a disability (including failure to accommodate), failure to promote, harassment resulting in a hostile work environment, and retaliation.[4] [Doc. 12 at 1, 3-4]. He seeks compensatory and punitive damages, injunctive relief, expenses including attorney fees,[5] a jury

---

[3] The Second Amended Complaint is lengthy and, in parts, difficult to understand. The Court will not attempt to address each of the Plaintiff's individual allegations; it will liberally construe and discuss the main allegations supporting each of his claims. See generally Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

[4] The Plaintiff also claims that his medical information was spread around the store under "they Hype law." [Doc. 12 at 6]. To the extent that the Plaintiff is attempting to state a separate claim under the Health Insurance Portability and Accountability Act (HIPAA), this is dismissed because HIPAA did not create a private cause of action. Payne v. Taslimi, 998 F.3d 648, 660 (4th Cir. 2020).

[5] It is unclear why the Plaintiff is seeking attorney fees, as he is presently unrepresented.

5

trial, and all other relief that the Court deems just and proper. [Id. at 1, 12-13].

**(A)     Parties**

As a preliminary matter, the Plaintiff's claim against Todd Zachary, Tyrone Hibbler, Roxanne Tobletes, Mack Wiggins, Artie Brooker, and Beth FNU must be dismissed because neither Title VII nor the ADA provides for a cause of action against defendants in their individual capacities. See Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (finding that neither Title VII nor the ADA provides for actions against individual defendants for violation of its provisions). Therefore, this action is dismissed as to those Defendants.

**(B)     ADA Discrimination**

The ADA prohibits a covered employer from discriminating against a "qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). "To establish a claim of disability discrimination under the ADA, a plaintiff must prove '(1) that she has a disability, (2) that she is a "qualified individual" for the employment in question, and (3) that [her employer] discharged her (or took other adverse employment action) because of her disability.'" Jacobs v. NC Admin. Office of the Courts, 780 F.3d 562, 572 (4th Cir. 2015) (quoting EEOC v. Stowe-Pharr Mills, Inc., 216 F.3d 373, 377 (4th Cir. 2000)). Constructive discharge may constitute an adverse employment action for purposes of the ADA. See Lacasse v. Didlake, Inc., 712 F. App'x 231, 239 (4th Ci. 2018); Heiko, 434 F.3d at 262 (to prove constructive discharge under the ADA, a plaintiff must show that the employer's actions were deliberate, and that the working conditions were intolerable). Unlawful discrimination under the ADA can include the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee...." Id. § 12112(b)(5)(A); Wilson v. Dollar Gen. Corp., 717 F.3d 337, 344 (4th Cir. 2013).

The Plaintiff, who asserts that he has ulcerative colitis, claims that: his employer ignored multiple complaints that he was being harassed and treated differently because of his medical condition [Doc. 12 at 1-3]; his employer refused to provide him with reasonable accommodations including adequate bathroom breaks, denied him transfers and promotions, and wrote him up because of his disability [id. at 3-4]; and he ultimately had no choice but to resign [id. at 3, 9-10]. The Court will assume *arguendo* that the Plaintiff's ulcerative colitis is a disability and that he is a qualified individual under the ADA, for purposes of initial review. Construing the allegations liberally and drawing all reasonable inferences in the Plaintiff's favor, he has stated a plausible discrimination claim, including failure to accommodate, under the ADA.

**(C)    Title VII Discrimination**

Title VII prohibits an employer from discriminating against any individual because of such individual's "race, color, religion, sex or national origin…." 42 U.S.C. § 2000e-2(a). The elements of a Title VII discrimination claim are: (1) membership in a protected class; (2) satisfactory work performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. Perkins v. Int'l Paper Co., 936 F.3d 196, 207 (4th Cir. 2019) (citing Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010)). Constructive discharge may constitute an adverse employment action under Title VII. See EEOC v. Consol Energy, Inc., 860 F.3d 131, 143 (4th Cir. 2017); Munday v. Waste Mgmt. of N. Am., Inc., 126 F.3d 239, 244 (4th Cir. 1997) (to prove constructive discharge under Title VII, a plaintiff must show that the employer's actions were deliberate, and that the working conditions were intolerable).

The Plaintiff, who claims to be Black and gay, alleges *inter alia* that: he was a "good worker" and was eligible for promotions [Doc. 12 at 3, 11]; he was harassed, called names, threatened, and bullied because of his sexual orientation [id. at 3, 5]; he was denied promotions

7

and transfer requests, and was written up for no reason [id. at 6, 9-10]; he and other Black and gay employees have been treated differently from other employees because of sexual orientation and race [id. at 11-12]; his repeated complaints to human resources and management were ignored [id. at 1-2]; and he ultimately had no choice but to resign [id. at 3, 9-10]. Accepting the Plaintiff's allegations as true for the purposes of initial review, and drawing all reasonable inferences in his favor, he has stated a claim for Title VII discrimination.

**(D)  Harassment**

To state a claim of unlawful harassment under Title VII and the ADA, a plaintiff must prove that the harassment creates an objectively hostile or abusive work environment and that the putative victim subjectively perceives the environment to be abusive. See generally Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993); see Conner v. Schrader–Bridgeport Int'l, Inc., 227 F.3d 179, 192 (4th Cir. 2000) (to demonstrate sexual harassment and/or a racially hostile work environment, a plaintiff must show that: (1) there is unwelcome conduct; (2) that is based on the plaintiff's sex and/or race; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.); Brown v. Perry, 184 F.3d 388, 393 (4th Cir. 1999) (to demonstrate a hostile work environment, an ADA plaintiff must prove that (1) he is a qualified individual with a disability; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer).

The Plaintiff claims that: he was harassed, called derogatory names, and subjected to jokes based on his sexual orientation, race, and medical condition [Doc. 12 at 3-5]; the treatment was

8

severe enough that he repeatedly attempted to transfer to another store, sought a promotion, and ultimately resigned [id. at 3]; and his repeated complaints to human resources and upper management were ignored, the harassment continued, and supervisors prevented him from transferring to another store or being promoted [id.]. The Plaintiff has plausibly stated a claim for harassment under Title VII and the ADA.

### (E) Failure to Promote[6]

Here, the Plaintiff claims that: he was offered at least eight positions at other stores [Doc. 12 at 1]; he applied for a department supervisor position for which he was qualified, the store manager discouraged him from applying, and someone who was less qualified was hired [id. at 6]; and management denied his transfer requests, tried to "force" him to take a night supervisor position that he did not want, and tried to prevent his promotion or transfer via unjustified disciplinary actions [id. at 3, 5]. Accepting the Plaintiff's allegations as true for the purposes of initial review, and drawing all reasonable inferences in his favor, he has stated a claim for failure to promote under the ADA and Title VII.

### (F) Retaliation

The elements of a retaliation claim under Title VII and the ADA are: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action. See Mackey v. Shalala, 360 F.3d 463, 469 (4th Cir. 2004) (Title VII); A Soc'y Without a Name v. Va., 655 F.3d 342, 350 (4th Cir. 2011) (ADA).

The Plaintiff claims that: he repeatedly informed upper management and human resources about severe harassment, discrimination, and threats because his disability and sexual orientation,

---

[6] The failure to promote standard is set forth in Section 1, *supra*.

9

Case 3:21-cv-00034-RJC-DSC    Document 13    Filed 11/01/22    Page 9 of 11

but nothing was done to remedy the situation or provide him with reasonable accommodations [Doc. 12 at 5, 11]; he was denied transfers and was given unjustified write-ups after he complained to management and human resources [id.]; and he ultimately had no choice but to resign. [id. at 3]. Accepting the Plaintiff's allegations as true for the purposes of initial review, and drawing all reasonable inferences in his favor, he has minimally stated a claim for retaliation under Title VII and the ADA.

### IV.     CONCLUSION

The Amended Complaint fails to state a claim for failure to promote. However, the Second Amended Complaint passes initial review on claims of discrimination, harassment, failure to promote, and retaliation under Title VII and the ADA, as described in this Order.

**IT IS, THEREFORE, ORDERED** that:

1. The failure to promote claim in the Amended Complaint [Doc. 4] is **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to § 1915(e)(2)(B)(ii).

2. The Second Amended Complaint [Doc. 12] passes initial review on claims of discrimination, harassment, failure to promote, and retaliation under Title VII and the ADA.

3. **IT IS FURTHER ORDERED** that the Clerk of Court is directed to notify the United States Marshal who, pursuant to FED. R. CIV. P. 4(c)(3), shall serve process upon Defendant. All costs of service shall be advanced by the United States. Any recovery in this action will be subject to payment of fees and costs, including service of process fees and the $402.00 filing fee.

Signed: November 1, 2022

Robert J. Conrad, Jr.
United States District Judge

8