# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00034-RJC-DSC

| | |
|---|---|
| MARCUS SMITH, | ) |
| | ) |
|           **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| LOWES COMPANIES INC, | ) |
| | ) |
|           **Defendant.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss Plaintiff's Second Amended Complaint" (document #18) as well as the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u> as discussed below.

        **I.**        **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges employment discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e <u>et seq.</u>, and the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101 <u>et seq</u>. Accepting the allegations of the Second Amended Complaint (document #12) as true, Defendant subjected Plaintiff to unlawful harassment and took

no action in response to his complaints to its human resources department. As a result, Plaintiff resigned on April 22, 2020.

On November 4, 2020, Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission, (Document #1 at 9-10), alleging discrimination based upon race, sex, disability, and retaliation. He identified the dates of discrimination as March 1, 2019 through April 22, 2020. Id.

Defendant filed this Motion to Dismiss arguing that Plaintiff's claims are time barred for failure to exhaust administrative remedies.

## II. STANDARD OF REVIEW

Motions to dismiss for failure to exhaust administrative remedies are reviewed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1850-51 (2019).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 546. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper[-]technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- "that the pleader is entitled to relief,"" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 326 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke, 490 U.S. at 327;

see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### III. DISCUSSION

"Prior to pursuing a Title VII claim in federal court, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the [EEOC]." Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014); see 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1). In Fort Bend Cty.,139 S. Ct. at 1850-51, the Supreme Court held that failure to exhaust administrative remedies is grounds for dismissal pursuant to Rule 12(b)(6) rather than 12(b)(1). This "exhaustion requirement is a non-jurisdictional 'processing rule, albeit a mandatory one' that must be enforced when properly raised." Walton v. Harker, 33 F.4th 165, 175 (4th Cir. 2022) (quoting Fort Bend Cnty., 139 S. Ct. at 1851A). Since Fort Bend Cty. was decided, courts in this District have repeatedly held that a plaintiff's failure to exhaust administrative remedies applicable to discrimination claims warrants dismissal under Rule 12(b)(6). See, e.g., Krings v. AVL Techs., 1:20-CV-259-MR-WCM, 2021 WL 1235129, at *3 (W.D.N.C. Feb. 10, 2021) (dismissing claims where plaintiff filed suit before the EEOC had issued a right-to-sue letter); Gill v. Coca-Cola Bottling Co. Consol., No. 3:18-cv-681-MOC-DSC, 2019 WL 4439496, at *3 (W.D.N.C. Sept. 16, 2019) (dismissing discrimination claims plaintiff failed to raise in his EEOC Charge under Rule 12(b)(6) for failure to exhaust administrative remedies); see also McCaskey v. U.S.P.S., No. 3:18-cv-411-RJC-DCK, 2021 WL 1537793 (W.D.N.C. Mar. 26, 2021) (dismissal of ADA claim warranted under 12(b)(6) for failure to exhaust administrative remedies with the EEOC).

While Ford Bend Cty. involved a Title VII claim, the rule announced there applies to Plaintiff's ADA claim as well. See Stewart v. Jones Util. & Contracting Co. Inc., No. 19-14115,

2020 WL 1313636, at *1 (11th Cir. Mar. 19, 2020) (citing Fort Bend Cty., 139 S. Ct. at 1846, 1849, 1851 (2019)) (requirement that plaintiff exhaust her administrative remedies with the EEOC before filing a complaint under Title VII or the ADA "is a mandatory claims-processing rule, not a jurisdictional prerequisite[.]"); Cowgill v. First Data Techs., Inc., No. CV ADC-19-2565, 2020 WL 551913, at *3 (D. Md. Feb. 4, 2020) ("Though the Supreme Court in Davis [Fort Bend Cty.] was addressing a Title VII Charge, plaintiffs must follow identical EEOC procedures when bringing a Charge of Discrimination under both Title VII and the ADA.").

Under Title VII, an aggrieved individual must file a complaint with the EEOC "within [180] days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e). Before filing a lawsuit alleging employment discrimination under the ADA, a plaintiff must exhaust his administrative remedies before the EEOC. See Underdue v. Wells Fargo Bank, N.A., No. 3:14cv183, 2016 WL 3452492, at *2 (W.D.N.C. June 6, 2016) (noting that "the ADA, Title VII, and the ADEA share enforcement procedures, including the requirement that a plaintiff must first exhaust administrative remedies before filing a federal lawsuit").

Plaintiff alleges that the last act of harassment occurred on April 22, 2020, when he resigned. He did not file his EEOC charge until 196 days later. Accordingly, his claims are time-barred. See Davis v. Weiser Sec. Servs., No. 3:13-cv-00522-MOC-DSC, 2016 WL 818913, at *3 (W.D.N.C. Feb. 3, 2016) (recommending defendant's motion to dismiss pro se plaintiff's complaint be granted where plaintiff failed to file EEOC Charge within the requisite 180 days of alleged discriminatory act). See also Reid v. Charlotte Mecklenburg Board of Ed., No. 3:14-cv-00066-FDW-DSC, 2015 WL 4941794, at *2 (W.D.N.C. Aug. 19, 2015) (granting motion to dismiss where plaintiff filed charge of discrimination 268 days after the discriminatory act occurred, as only claims arising within 180 days prior to the filing of a Charge of Discrimination

with the EEOC are actionable). Therefore, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u>.

## IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss Plaintiff's Second Amended Complaint" (document #18) be **GRANTED**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED.**

Signed: February 22, 2023

_____
David S. Cayer
United States Magistrate Judge