UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00034-RJC-SCR

| | |
|---|---|
| MARCUS SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| LOWES COMPANIES INC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** is before the Court on the Motion to Dismiss filed by Lowe's Home Centers, LLC (Doc. No. 18)[1] and the Magistrate Judge's Memorandum and Recommendation (M&R) (Doc. No. 23). For the reasons below, the M&R is **ADOPTED**, and the Motion to Dismiss is **GRANTED**.

**I.  BACKGROUND**

Marcus Smith sued Lowe's, his previous employer, for employment discrimination. Am. Compl. at 1, Doc. No. 12. He asserted claims under Title VII and the Americans with Disabilities Act (ADA). *Id.* at 1, 3–4. He says he experienced race, disability, and sexual-orientation discrimination during his employment, which lasted from March 2019 until his resignation on April 22, 2020. *Id.* at 3. He also says he was retaliated against for engaging in activity protected by Title VII. *Id.*

---

[1] Smith incorrectly named the Defendant as "Lowes Companies Inc." The correct name is "Lowe's Home Centers, LLC." Def.'s Mot. Dismiss 1 n.1, Doc. No. 18.

Smith filed a charge with the Equal Employment Opportunity Commission (EEOC) on November 4, 2020. Charge of Discrimination, Doc. No. 1 at 9–10. The charge stated that the last discriminatory act occurred on April 22, 2020, the day Smith resigned. *Id.* at 9.

The EEOC closed its file on Smith's charge because the charge was "not timely filed." EEOC Dismissal and Notice of Rights, Doc. No. 1 at 8. The EEOC explained to Smith that he "waited too long after the date(s) of the alleged discrimination to file [the] charge." *Id.* Proceeding pro se, Smith filed this lawsuit on January 22, 2021. Doc. No. 1.

Lowe's filed a motion to dismiss, arguing that Smith failed to exhaust his administrative remedies. Def.'s Mem. Supp. 1, Doc. No. 18-1. Lowe's contends that Smith's EEOC charge was untimely because it was not filed within 180 days of the alleged discrimination. *Id.* at 5–8. The M&R concludes that Smith's charge is untimely, so it recommends granting the motion filed by Lowe's. M&R 4–6, Doc. No. 23. Smith objects to that recommendation. Doc. No. 25. Construing his objection liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), he argues that the charge-filing deadline should be equitably tolled.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A), (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

2

findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Before a plaintiff may assert claims under the ADA or Title VII in federal court, he must exhaust his administrative remedies by filing a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1); *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022); *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012) (explaining that the ADA is "[m]odeled after Title VII" and "incorporates that statute's enforcement procedures"). A charge must be filed within 180 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1). This "charge-filing requirement" is a "mandatory" claim-processing rule. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1851 (2019). "[A] court must enforce the rule if a party properly raises it." *Id.* at 1849 (alteration and internal quotation marks omitted).

Smith's charge states that the alleged discrimination ended on April 22, 2020, the day of his resignation. Charge of Discrimination, Doc. No. 1 at 9. He therefore had to file his charge by October 19, 2020, 180 days after April 22, 2020. He did not file it by then. Instead, he filed it on November 4, 2020. *Id.* at 9–10. The charge was thus untimely, and the EEOC dismissed it for that reason. Dismissal and Notice of Rights, Doc. No. 1 at 8.

Under the doctrine of equitable tolling, "an untimely filing can be revived." *Stevens v. Wells Fargo Bank*, 2022 WL 22734, at *2 (W.D.N.C. Jan. 3, 2022) (citing *Zipes v. TWA*, 455 U.S. 385, 392–94 (1982)); *see Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014) (stating that a court "retains discretion" to "equitably toll the statutory deadline"); *cf. Fort*

3

*Bend Cnty.*, 139 S. Ct. at 1849 n.5 ("The Court has reserved whether mandatory claim-processing rules may ever be subject to equitable exceptions." (alteration and internal quotation marks omitted)). Equitable tolling has been applied in two general situations: when "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant" and when "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To justify the second type of equitable tolling, a plaintiff must show that he "pursued [his] rights diligently *and* extraordinary circumstances prevented [him] from filing on time." *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling is "reserved for 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Id.* (quoting *Harris*, 209 F.3d at 330); *see also Harris*, 209 F.3d at 330 (explaining that equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes"); *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly.").

Here, Smith suggests that he should be excused from the charge-filing requirement because his attorney apparently told him that his charge had been filed with the EEOC when it had not. Pl.'s Resp. 2, Doc. No. 21. But "attorney negligence does not justify equitable tolling." *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 227 (4th Cir. 2005); *see, e.g.*, *Irwin*, 498 U.S. at 96; *Harris*, 209 F.3d at 330–31; *Raplee*, 842 F.3d at 334. Courts have "rejected . . . a distinction between the conduct of attorneys and their clients." *Gayle*, 401 F.3d at 226. Thus, "each party is deemed bound by the acts of his lawyer-agent" in "our system of representative litigation." *Link*

4

*v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962). Accordingly, the conduct of Smith's attorney does not justify equitable tolling here.

Though his filing is unclear, Smith may also suggest that his tardiness should be excused because of the COVID-19 pandemic. *See* Pl.'s Resp. 2, Doc. No. 21 ("So, the case was taken to the [EEOC]. The pandemic had a huge impact on service with [EEOC] [and] it had major delays.").[2] However, "courts in the Fourth Circuit have tended to find that the pandemic alone, absent circumstances of individualized hardship, is insufficient to toll the statutory limitations period." *Stevens v. Wells Fargo Bank*, 2022 WL 22734, at *3 (W.D.N.C. Jan. 3, 2022); *see id.* (collecting cases). And here, Smith "does not allege any particularized facts which show how the pandemic personally prevented [him] from filing within the [180-day] window." *Id.* His "generalized COVID-19 concerns, absent any individual hardship facts, vitiates [his] equitable tolling argument." *Id.*

Smith failed to exhaust his administrative remedies. And there is no basis for equitable tolling. So his claims must be dismissed with prejudice.

---

[2] The most probable meaning of Smith's statement is that the EEOC was delayed in investigating his charge because of the pandemic. However, construing Smith's statements liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the Court will assume that he means to invoke the pandemic as an excuse for his late filing.

**IV. CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The M&R (Doc. No. 23) is **ADOPTED**;

2. The Motion to Dismiss (Doc. No. 18) is **GRANTED**; and

3. The Clerk is directed to close this case.

Signed: August 30, 2023

Robert J. Conrad, Jr.
United States District Judge